**FILED**
**JUNE 30, 2026**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| NIKEA JEAN SMEDLEY, | ) | |
| | ) | No.  40841-8-III |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALY TOURE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, C.J. — Nikea Smedley appeals the trial court's final child support order, arguing the trial court abused its discretion by: (1) failing to order Aly Toure to pay past due child support and medical support, (2) granting Toure a downward deviation from the standard child support calculation without substantial evidence or written findings, and (3) failing to impose sufficient conditions on the allocation of tax dependency exemptions.

We affirm the trial court's decision to grant Toure a downward deviation and impose conditions on the allocation of exemptions. However, we reverse that portion of the court's final order that refused to address the issue of past child support and expenses. RCW 26.26B.020(3) requires a judgment and order to contain appropriate provisions concerning the liability for past support if that issue is before the court. Here, the issue was raised by Smedley's petition and was properly before the court. While the court had some discretion in determining the extent of Toure's liability for past support, refusing to address the issue was an abuse of discretion.

## BACKGROUND

Smedley and Toure have two children in common (the twins). The twins were born September 13, 2020. Smedley has one additional child, and Toure has four. The parties were not married when the twins were born, but both parents signed and filed a paternity acknowledgment.

On December 7, 2021, Smedley filed an application for nonassistance child support services with the Department of Social and Health Services, Division of Child Support (DCS). Following a hearing, an administrative law judge (ALJ) signed a final order of establishment for child support. The ALJ considered each party's income and circumstances and applied a downward deviation to Toure's monthly obligation because of his additional children. The ALJ ordered Toure to pay ongoing monthly support and back support from December 7, 2021. Pursuant to WAC 388-14A-3350(1)(a), the order

2

provided that the order of support became effective on the date Smedley applied for services.

On April 15, 2022, Smedley filed a petition in superior court seeking a parenting plan or residential schedule for the twins. On July 8, 2022, she filed a second petition under the same cause number asking the court to order current and back child support along with medical costs and other expenses.

On September 28, 2022, Smedley moved for a temporary family law order in superior court requesting child support, day care support, and medical support. Additionally, she sought "back child support from September 13, 2020, through December 6, 2021, prior to the DCS administrative order which was established beginning December 7, 2021." Clerk's Papers (CP) at 35. The superior court entered a temporary child support order on January 13, 2023. It granted Toure a downward deviation from the standard calculation because of his other children. The court reserved the question of past due child support, medical support, and other expenses for trial.

Trial was held on April 26, August 16, and September 28, 2023.

The court issued a letter ruling that was incorporated into the final child support order by reference. The letter ruling acknowledged that "[t]he only unresolved issues in this parentage action are the amount of Mr. Toure's support obligation and Mrs. Smedley's request for back support." CP at 467. The court outlined several factors considered in determining the amount of support due. These factors included the number

of children, net monthly income, depreciation of rental property, periods of voluntary unemployment for international travel, self-employment business expenses, and health concerns. The order included a child support worksheet, which detailed the parties' income and expenses and contained the "whole family formula deviation" calculations. CP at 148-55. The court concluded Toure was "entitled to a whole family discount for children from other relationships" and indicated that Smedley "agrees [Toure] is entitled to that deviation for five but not six of his children." CP at 468. Under "Tax Issues," in the child support order, each parent was entitled to claim one of the twins as a dependent for purposes of personal tax exemptions.

> With respect to past due support, the court's letter ruling provided:
>
> From the date of the children's birth until December 7, 2021, Mr. Toure paid some amount to support the children without any order compelling him to do so. An administrative law judge, L' Nayim Shuman Austin, imputed income to Mr. Toure and ordered him to pay Mrs. Smedley support monthly in the amount of $469.00. Her ruling disposes of all issues arising between December 7, 2021, and January 17, 2023, the date Commissioner Middleton issued the temporary support order in this case which superseded it, including Mrs. Smedley's request to be compensated for medical insurance premiums during that time.

CP at 468. The court found Toure did not owe past support from September 13, 2020, through December 6, 2021. It recorded this finding in section 23 of the order by checking all of the form's provided boxes to indicate that no parent owed past due child support, medical support, or other expenses, nor interest on past due support.

Smedley moved for reconsideration. With respect to past due support and the downward deviation, the trial court denied the motion.

With respect to each parent's right to claim a child as a dependent on tax returns, Smedley requested that the court place a condition on Toure's right to claim one of the twins—if Toure was not current on his support obligations by December 31 each year, he would lose his right to the tax exemption. The court agreed: "Yeah, he's not able to claim them where he doesn't pay his child support, you will be able to claim them." Rep. of Proc. (RP) at 21.

The court held a post-reconsideration presentment hearing on November 15, 2024. The parties argued over the condition placed on Toure's ability to claim one of the twins as a dependent. Smedley wanted to ensure Toure was current on all child support obligations—including day care and medical expenses—before he was entitled to the exemption. Toure argued the exemption should only rely on his prompt payment of monthly child support because the other obligations could fluctuate according to billing practices or inopportune timing. The court agreed with Toure, ruling that "he is not allowed to claim an exemption/dependency or Child Tax Credit for that calendar year in which he was delinquent on the . . . monthly ongoing support payment as of 31 December." CP at 453.

Smedley also asked the court to rewrite the provision in section 23 relating to past due amounts. Smedley explained that Toure was undisputedly thousands of dollars in

5

arrears from the temporary orders, and the final order as written prevented DCS from continuing its collection efforts. The court agreed to revise the order. The court stated, "I'm just going to have just remove the checks. Leave the boxes unchecked." RP at 55. Toure's counsel confirmed: "Okay, so the court's reversing itself on the box checks." RP at 55. And the court replied: "On the box checks, that's right." RP at 55.

Section 23 of the revised final child support order states: "This order does not address any past due amounts or interest owed. . . . The court acknowledges that past due amounts (arrears) assessed by [DCS] in accordance with the court's previous child support orders remain valid and enforceable and are not affected or altered by the provisions of this order." CP at 455.

Smedley appeals. Toure did not filed a responsive brief that complied with the RAPs.[1]

## ANALYSIS

Smedley argues the trial court abused its discretion by (1) failing to order past due child support and medical support, (2) granting Toure a downward deviation from the standard child support calculation without substantial evidence or written findings, and

---

[1] Toure moved for oral argument, and Smedley objected to the motion. We denied this motion because Toure is precluded from presenting oral argument under RAP 11.2(a) ("A party of record may present oral argument only if the party has filed a brief."). Here, Toure's briefs were rejected for filing, and he failed to file an amended brief that complied with the RAPs.

(3) failing to impose sufficient conditions on the allocation of tax dependency exemptions. We set forth the standard of review, then discuss each contention in turn.

We review a trial court's order of child support for abuse of discretion. *In re Parentage of A.L.*, 185 Wn. App. 225, 238, 340 P.3d 260 (2014). A trial court abuses its discretion when its decision rests on unreasonable or untenable grounds or when its ruling relies on an erroneous understanding of the facts or incorrect legal analysis. *Id.* at 238-39. Under this standard, "we give great deference to the trial court's determination: even if we disagree with the trial court's ultimate decision, we do not reverse that decision unless it falls outside the range of acceptable choices because it is manifestly unreasonable, rests on facts unsupported by the record, or was reached by applying the wrong legal standard." *State v. Curry*, 191 Wn.2d 475, 484, 423 P.3d 179 (2018).

"We review a trial court's findings of fact and conclusions of law to determine whether the findings are supported by substantial evidence in the record and, if so, whether the conclusions are supported by those findings." *Welch Foods, Inc. v. Benton County*, 136 Wn. App. 314, 321, 148 P.3d 1092 (2006). "Substantial evidence" is "evidence . . . sufficient to persuade a rational, fair-minded person that the finding is true." *Cantu v. Dep't of Lab. & Indus.*, 168 Wn. App. 14, 21, 277 P.3d 685 (2012).

1. PAST DUE CHILD SUPPORT AND MEDICAL SUPPORT

Smedley raises several arguments as to why the trial court erred by failing to order past due child support and medical support from the date of the twins' birth, September

13, 2020, through the date of the DCS order, December 6, 2021. We do not address all of these arguments because we conclude that the trial court abused its discretion by failing to address Smedley's request for past child support and expenses in its final order.

The "birth of a child gives rise to certain rights and responsibilities, including the obligation imposed by law to provide for the maintenance and welfare of the child." *Hughes v. Hughes*, 11 Wn. App. 454, 461, 524 P.2d 472 (1974). The total support obligation includes basic child support, health care costs, and certain other expenses such as day care costs. RCW 26.19.080. The requirements of chapter 26.19 RCW apply to petitions filed under "Dissolution Proceedings" (ch. 26.09 RCW) and the Uniform Parentage Act of 2002, ch. 26.26 RCW. RCW 26.09.100; RCW 26.26B.020.

When determining the extent of liability for past support, the court may exercise discretion within certain parameters. *State v. Base*, 131 Wn. App. 207, 217, 126 P.3d 79 (2006) (interpreting a former version of this statute under RCW 26.26.130(3) and (5)). For instance, "[a] court may not order payment for support provided or expenses incurred more than five years prior to the commencement of the action." RCW 26.26B.040. Additionally, "[t]he court may limit the parent's liability for the past support to the child to the proportion of the expenses already incurred as the court deems just." RCW 26.26B.020(5). While courts retain some discretion regarding past child support, the court is required to determine "the extent of any liability for past support furnished to the child if that issue is before the court," and the judgment and order must state the court's

8

finding. RCW 26.26B.020(3); *see* RCW 26.18.020(5) ("duty of support" includes "necessary food, clothing, shelter, education, and health care"); *State v. Burns*, 190 Wn. App. 826, 833, 363 P.3d 1 (2015) (concluding the definition of "duty of support" in former RCW 26.18.020(3) (2016), *recodified as* RCW 26.18.020(5), applies to ch. 26.19 RCW).

Here, the court initially determined that the extent of Toure's liability for past due support was zero. The court's letter ruling acknowledged Smedley's request for back support but found that "[f]rom the date of the children's birth until December 7, 2021, Toure paid some amount to support the children without any order compelling him to do so." CP at 468. The proposed order on child support had six boxes checked, indicating that no parent owed past due child support, medical support, or other expenses, nor interest on past due support.

On reconsideration, Smedley argued that the court failed to make a ruling on back support, or alternatively, that it erred by finding Toure's liability was zero. The court denied reconsideration, recalling its reasoning and noting it was not satisfied with the documentation of the money Toure paid and "the records that were made for the tax form." RP at 33.

However, at the presentment hearing following reconsideration, the court indicated, "I'm just going to have just remove the checks. Leave the boxes unchecked." RP at 55. Toure's counsel confirmed, "Okay, so the court's reversing itself on the box

9

checks." RP at 55. And the court replied, "On the box checks, that's right." RP at 55.

The final order on child support explicitly states that it "does not address any past due

amounts or interest owed." CP at 455.

The court's final order constitutes an abuse of discretion. While we recognize that

the court was attempting to address several competing concerns, RCW 26.26B.020(3)

required the court to decide the extent of Toure's liability for any past due child support if

that issue was before the court. The final order acknowledges that past due child support

was before the court but goes on to conclude that it was not deciding the issue. This is an

abuse of discretion. As such, we remand for the trial court to decide whether and to what

extent Toure owes past support, including expenses, and enter findings as required by

RCW 26.26B.020.[2]

2. DOWNWARD DEVIATION

Smedley next contends the court erred by granting Toure a downward deviation in

his child support obligation without making the requisite findings and without substantial

evidence to support those findings. We disagree.

"The court may deviate from the standard calculation when either or both of the

parents . . . owe[ ] a duty of support" to children from other relationships. RCW

---

[2] We recognize that the trial court judge has since retired. Consequently, on remand, the assigned judge will need to conduct another evidentiary hearing and make findings and conclusions as to the extent of Toure's liability for past support furnished, including expenses. *See* RCW 26.26B.030(3).

26.19.075(1)(e). Such deviation "shall be based on consideration of the total circumstances of both households." RCW 26.19.075(1)(e)(iv). "All income and resources of the parties before the court . . . and other adults in the households shall be disclosed and considered." RCW 26.19.075(2). "When reasons exist for deviation, the court shall exercise discretion in considering the extent to which the factors would affect the support obligation." RCW 26.19.075(4). "The court shall enter findings that specify reasons for any deviation or any denial of a party's request for any deviation from the standard calculation made by the court." RCW 26.19.075(3). "However, the lack of a trial court's specific findings is not fatal, and in the absence of a finding on a particular issue, an appellate court may look to the oral opinion to determine the trial court's basis for the deviation." *In re Marriage of Crosetto*, 82 Wn. App. 545, 560, 918 P.2d 954 (1996).

Here, the court entered written findings, determining a downward deviation was appropriate because Toure supported children from other relationships. The court indicated the finding was supported by an attached worksheet. The worksheet contemplated the income and obligations of each party and calculated the whole family formula deviation. As such, the court satisfied the statute's requirement to "enter findings that specify reasons for any deviation." *See* RCW 26.19.075(3).

Smedley argues the court failed its statutory duty because it did not consider the total circumstances of both households, specifically whether Toure has additional adults

11

with additional income in his household.  This argument fails for two related reasons.

First, "[a] trial court is not obligated to make findings of fact on every contention of the

parties.  Rather, it is required to find only the material facts of the case, that is, findings

sufficient to inform us, on material issues, what questions the trial court decided and the

manner in which it did so."  *City of Tacoma v. Fiberchem, Inc.*, 44 Wn. App. 538, 541,

722 P.2d 1357 (1986).

Second, an appellant must provide a sufficient record for review.  RAP 9.2(b);

*Tacoma S. Hosp., LLC v. Nat'l Gen. Ins. Co.*, 19 Wn. App. 2d 210, 220, 494 P.3d 450

(2021).  Here, Smedley did not provide a transcript of the trial or of the original

presentment hearing that presumably contained the court's oral findings and opinion.

The court's letter ruling and final child support order demonstrate that it considered

multiple factors including each of the parties' additional children and household finances.

The record before us does not support Smedley's contention that the court ignored any

critical factor.

Smedley also challenges the court's statement that Smedley "agrees [Toure] is

entitled to that deviation for five but not six of his children."  CP at 468.  She argues the

assertion is false, and moreover, that under RCW 26.19.075(5), "[a]greement of the

parties is not by itself adequate reason for any deviations from the standard calculation."

*See* Appellant's Br. at 32.  She further contends that " 'acknowledgment of other

children' is insufficient to support a deviation."  Appellant's Br. at 17 (quoting *In re*

*Marriage of Choate*, 143 Wn. App. 235, 244, 177 P.3d 175 (2008)). Although we agree with the legal principles Smedley cites, the record does not indicate that the court relied on Smedley's alleged agreement to determine the deviation. Nor did the court merely acknowledge the existence of Toure's other children. Instead, the court considered the number and domicile of other children, their alleged health concerns and financial needs, and the parties' nuanced financial situations based on self-employment.

In sum, the trial court entered a written finding specifying the reason for determining a downward deviation. To the extent Smedley argues the finding is unsupported, she fails to provide a sufficient record for review. As such, we find no abuse of discretion.

3. TAX EXEMPTION CONDITIONS

Finally, Smedley argues that by conditioning the tax exemption solely on ongoing monthly support, the court undermined the comprehensive nature of child support obligations as outlined in RCW 26.19.080(3). We disagree.

Indeed, the statute requires health care costs and day care expenses to be shared by the parents proportionately as part of the total child support obligation. RCW 26.19.080(2)-(3). However, nothing in the statute precludes a court from conditioning a certain provision of a parenting plan on prompt payment of a single aspect of the child support obligation. As such, Smedley fails to show that the court abused its discretion by imposing the condition.

13

CONCLUSION

We reverse the trial court's final order declining to address past child support,

including expenses, and remand for the court to determine the issue of past child support

and expenses. Otherwise, we affirm the court's orders granting Toure a downward

deviation from the standard child support calculation and conditioning Toure's ability to

claim a tax exemption solely on prompt payment of child support. We determine

Smedley is the substantially prevailing party for purposes of seeking costs on appeal.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Cooney, J.

14